*13
Curia, per

Johnson, J.
The fund sought to-be subjected to this attachment, is in the legitimate possession of the Court of Ordinary, for the purpose of partition, as it is said, amongst the distributees of the late David Johnson, deceased, of whom the defendant is one, and the case stated bears a very striking analogy to that of Young vs. Young, 2 Hill, 425, in which it was held that funds in the hands of an executor, or the proceeds of the sales of real estate made for partition, was not the subject of attachment, in a suit against the legatee; and the only difference between the cases, is, that here the Ordinary is the garnishee, and there the executor ; the principle, however, extends equally to both cases ; the court having possession of the funds, has the right to dispose of them, and the jurisdiction over them belonged exclusively to the Ordinary.
Pratt, the Ordinary, and the garnishee, had unquestionably the right to appeal, for if he had paid out the funds, on the order of a Court not having jurisdiction of the subject, he would have been personally liable. In the language of the court, in Vessells vs. Johnson, decided at last May term, such an order would have been a nullity. The court, most undoubtedly, had the discretionary power of permitting Pratt to amend his return, and we have no doubt that it was discreetly and properly .exercised.
It is therefore ordered, that the order of the Circuit Court, requiring Pratt, the garnishee, to pay the funds in his hands to the plaintiffs, be, and ■the same is hereby, set aside and reversed,
O’Neall and Harper, JJ. concurred.